IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAITHAM HASSAN,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 11-3485 |
| **CITY OF PHILADELPHIA et al.,** | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## ORDER

**AND NOW** this _____ day of _____, 2011, upon consideration of Plaintiff's Unopposed Motion to Stay Discovery, **IT IS ORDERED** that discovery is stayed pending the result of a settlement conference presently scheduled for December 7, 2011.

**IT IS FURTHER ORDERED** that, should the case not settle by December 7, 2011, the Court will conduct a conference to address the scheduling of additional pre-trial proceedings.

**BY THE COURT:**

_____
**JOEL H. SLOMSKY, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAITHAM HASSAN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-3485 |
| | : | |
| **CITY OF PHILADELPHIA et al.,** | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S UNOPPOSED MOTION TO STAY DISCOVERY

Plaintiff Haitham Hassan, through his counsel, hereby moves the Court to temporarily stay discovery pending a December 7, 2011 settlement conference, and, in support thereof, states:

1. In a Scheduling Order dated July 26, 2011, the Court directed that the parties participate in a settlement conference on September 27, 2011. Additionally, the Court set a December 2, 2011 deadline for fact discovery.

2. On August 1, 2011, the date for the settlement conference was changed to October 25, 2011.

3. Between the issuance of the Scheduling Order and the anticipated October 25, 2011 settlement conference, the parties participated in substantial discovery. The parties exchanged extensive documentary discovery and conducted a Rule 30(b)(6) deposition that was central to plaintiff's proof of his constitutional claims.

4. Based on the discovery exchanged before the scheduled settlement conference, the parties were reasonably confident that the settlement conference would result in resolution of the case.

5.     One week before the settlement conference, counsel for the defendants learned that one of her federal civil rights matters which was scheduled for trial on October 17, 2011, would be continued to the week of October 24, 2011.  Due to this unanticipated scheduling change, counsel for the defendants could not be available to participate in the settlement conference; nor were any of counsel's colleagues in the City of Philadelphia Law Department available to participate in the conference.  Accordingly, at the request of defense counsel, the Court agreed to postpone the October 25 settlement conference.

6.     Because the plaintiff in this matter resides nearly four hours from Philadelphia and needs to make special arrangements for traveling to Philadelphia,[1] the next available date for rescheduling the conference that accommodates the schedules of all parties is December 7, 2011.

7.     By Order dated October 26, 2011, the Court granted the parties' request to reschedule a settlement conference for this date.

8.     The rescheduled settlement conference will take place after the December 2, 2011 deadline for fact discovery set in the Court's July 26, 2011 Scheduling Order.

9.     Although the parties believe that they have taken sufficient discovery to evaluate the case for participation in a settlement conference, should the case proceed to trial, the parties will require additional discovery.

10.    Should the parties be required to conduct additional discovery so as to complete al fact discovery by the December 2, 2011 deadline, the parties will be required to spend time and significant out-of-pocket expenses that may not be necessary should the case settle at the December 7, 2011 conference.

---

[1] Due to his medical conditions, plaintiff is unable to drive long distances.  He must instead be driven by his fiancée who requires at least 30-days notice to obtain leave from her employment.

2

11.     For this reason, plaintiff respectfully submits that it would be appropriate to temporarily stay discovery pending the outcome of the settlement conference.  Should the case not settle at the conference, then plaintiff respectfully requests that the Court convene a telephone conference to address further scheduling.[2]

12.     Plaintiff has consulted with counsel for defendants concerning these requests, and defendants have no objection to these requests.

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that the Court grant the Motion and enter the proposed Order attached hereto.

                                    Respectfully submitted,

                                    /s/ Jonathan H. Feinberg
                                  Jonathan H. Feinberg
                                  I.D. No. 88227
                                  KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
                                  The Cast Iron Building
                                  718 Arch Street, Suite 501 South
                                  Philadelphia, PA  19106
                                  215-925-4400
                                  215-925-5365 (fax)
                                  jfeinberg@krlawphila.com

                                  *Counsel for Plaintiff*

---

[2] Preliminarily, plaintiff believes that, if a settlement is not reached, then fact discovery could be completed by January 27, 2012, the date currently set for the expiration of expert discovery, and that, accordingly, the trial date would not need to be changed.

3

## CERTIFICATE OF SERVICE

     I hereby certify that on October 27, 2011, the foregoing Unopposed Motion to Stay Discovery was filed via the Court's CM/ECF system, is available for viewing and downloading, and, as such, was served upon the following parties:

        Amanda C. Shoffel, Esq.
        City of Philadelphia Law Department
        1515 Arch Street, 14th Floor
        Philadelphia, PA  19102

                                              /s/ Jonathan H. Feinberg
                                              Jonathan H. Feinberg